## QUAKER INVESTMENT CO. v. COOPER.

No. 14642—Opinion Filed Feb. 12, 1924.

### 1. Corporations—Transaction by Part Owner—Presumption of Authority.

Where a close corporation, owned ,controlled, and managed by two men, Hamel and Waite, employed Cooper to secure a lessee or lessees for certain real estate owned by it, and immediately thereafter Waite left the state and established his residence in another state, and Cooper brought Hamel and the proposed lessee together, who, after negotiations, reached an agreement as to the terms and conditions of such lease, it will be presumed, in the absence of proof to the contrary, that Hamel, in such negotiations and agreement, was acting for the corporation and within the scope of his authority.

### 2. Same—Brokers—Action for Commission on Lease Sale—Issues—Evidence.

Where, in such case, in an action by Cooper against the corporation to recover the commission or compensation agreed upon, the corporation, by its answer, admitted that through its officers it had entered into a contract by which it had agreed to pay Cooper $2,500 to secure a lessee for the terms and annual rentals alleged, but alleged that it was especially agreed that the lessee should be able, willing, and ready to give security against default in the performance of the terms of the lease, and that the proposed lessee had refused to furnish such security, which was denied by Cooper, and made the sole issue to be determined, it was not error for the trial court to admit in evi-

dence the unsigned lease, agreed upon between Hamel and the proposed lessee, which contained no provisions for security, as a circumstance to be considered by the jury in connection with the other facts and circumstances in evidence to determine what the contract was between Cooper and the corporation.

### 3. Same—Authority to Bind Corporation— Instruction.

The court did not err in refusing to instruct the jury that such contract could not be considered as evidence against the defendant unless they first found that Hamel was duly authorized to act as agent for and in behalf of Waite in drafting the contract.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by John B. Cooper against Quaker Investment Company, a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

R. Y. Stevenson and R. W. Kellough, for plaintiff in error.

Samuel A. Boorstin and J. D. Johnston, for defendant in error.

Opinion by RAY, C. Plaintiff in error contends that the court erred in admitting in evidence certain written instruments and in refusing to give to the jury a requested instruction. The action was on an oral contract to recover $2,500 as commission or compensation for securing parties who were ready, able, and willing to lease for a period of 99 years, at an annual rental of $12,000, a certain building within the city of Tulsa known as the Iowa building, property of the defendant. The defendant in its answer admitted that it agreed to pay plaintiff $2,500 to secure a party or parties ready, willing, and able to lease the property for 99 years at $12,000 a year, but said that it was especially agreed that the parties so secured should give good and sufficient security to secure the defendant as against default in the performance of the terms of the lease. This allegation was denied by the plaintiff, so that the only issue to be submitted to the jury was whether or not it was a part of the original agreement between the plaintiff and defendant that the plaintiff should furnish the lessee ready, willing, and able to give security to carry out the terms of the lease agreed upon.

It is conceded that the defendant was a close corporation, owned, controlled, and managed by A. J. Hamel and C. L. Waite; that immediately after this oral agreement was entered into C. L. Waite moved to Cali-

fornia and established his residence in that state and that any and all negotiations with the proposed lessee were with A. J. Hamel, except the plaintiff testified that he furnished the names of the proposed lessees to both Hamel and Waite and that they agreed that the lessees were satisfactory. The evidence shows that about the time Waite left Tulsa for California, or soon thereafter, plaintiff brought Hamel and the proposed lessees together who, after some negotiations, agreed upon the general terms of the lease and called in their respective attorneys to prepare the lease. The attorney for the defendant prepared one lease, the attorney for the lessees prepared one lease, and the two, acting or conferring together, prepared a third lease which was approved by Hamel and the lessees and sent by Hamel to Waite in California. The plaintiff contends that it was sent to Waite for his signature. The defendant contends that it was sent to Waite for his approval. Waite disapproved the contract upon the ground that it did not provide security on the part of the lessee to carry out the terms of the lease. The defendant then refused to execute the lease without security and the lessee refused to furnish security and the lease was never executed.

The written instruments admitted in evidence, of which complaint is made, were the three forms of lease, one drawn by the attorney of the lessees, one drawn by the attorney of the defendant, and the third drawn by the two attorneys acting together and which was approved by the lessees and by Hamel. These instruments, or any of them, did not contain any provision for security to be furnished by the lessees and were offered as a circumstance going to show that security was not in contemplation of the parties at the time the contract was entered into between plaintiff and defendant and was not a part of that contract. At the time they were offered in evidence the court reserved its ruling but the close of the case announced they would be admitted "under proper instructions". The court gave this instruction relative to these instruments:

"You are instructed that certain instruments of writing have by the court been admitted in evidence, which said instruments are claimed by the plaintiff to embody the terms and conditions between the plaintiff and the defendant for the leasing of said building; and in this connection you are instructed that the said purported contracts are not to be considered by the jury only as a circumstance in connection with all the other facts and testimony in evidence in the case in determining what the contract upon which the plaintiff seeks to recover in this case was."

The particular ground of objection to the admission of these instruments in evidence will more readily be made to appear from the following quotation from the brief of plaintiff in error and the requested instruction:

"The plaintiff in error contends that it is a close corporation. It raises no issues as to its authority or that of its officers to enter into the contract for the employment of defendant in error as agent to secure a tenant for the real estate described in the petition, but does contend that it was error for the court to admit the tentative 99 year leases, not executed by the company, for the purpose of showing the conditions of the contract with defendant in error, without instructing the jury that they must find that the stockholder, assisting in drafting the leases, was duly authorized to act as agent for the other stockholder in drafting the tentative leases."

Following is the requested instruction:

"You are instructed that the tentative contracts offered in evidence cannot be considered by you as evidence against the defendant unless you first find that A. J. Hamel was duly authorized to act as agent for and on behalf of C. L. Waite in drafting the said tentative contracts."

We think the contention of the plaintiff in error in this particular is a sufficient answer for itself. It is admitted that the contract was entered into by the corporation and the plaintiff, which could only have been done through its officers, and that the officers were authorized to enter into the contract. If so, then the question of agency of one stockholder for another is not involved. The only question could be as to whether Hamel, in the preparation of the leases, was authorized to act for the corporation. Waite was not a party to the action, neither was he a party to the contract. His interest in the action arises by reason of being a stockholder in the corporation. We think the court did not err in refusing to give the requested instruction.

When it was made to appear that the defendant was a close corporation, owned, controlled and managed by Hamel and Waite, and that after the contract was entered into with plaintiff to secure a lessee for the property Waite had moved to California, and Hamel continued the negotiations with the proposed lessee secured by plaintiff, it must be presumed, in the absence of proof to the contrary, that he was acting for the defendant and within the scope of his authority in the negotiations with the lessee and in the preparation of the contract to be executed by the parties. And when, after

coming to a full agreement with the lessees as to the terms and conditions of the lease, the lease was prepared, under his direction and with his approval and such lease did not contain any provision for security that was a fact for the consideration of the jury in determining whether or not it was a part of the agreement between plaintiff and defendant that the lessee should furnish security for carrying out the lease

We think the court did not err in admitting in evidence these instruments for the purpose assigned by the court or in refusing to give the requested instruction.

The judgment should be affirmed.

By the Court: It is so ordered.